IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEZI CASTILLO, JR.                                                    PETITIONER

       v.                          CRIMINAL NO. 5:18CR50075-002

UNITED STATES                                                        RESPONDENT

**MAGISTATE JUDGE'S REPORT AND RECOMMENDATION**

Dezi Castillo, Jr. ("Petitioner") filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 90) on September 11, 2023. A response from the United States was filed on September 21, 2023, (ECF No. 92), and Petitioner replied on October 6, 2023. (ECF No. 93). The Motion was assigned to U.S. District Court Judge Timothy L. Brooks who referred it to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas.

## I.    Background

Review of the procedural history of Petitioner's criminal case reveals that on September 12, 2018, Petitioner was indicted by a grand jury, along with Preston Baxter, with one count of conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with one count of possessing a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A). Attorney Zoe Naylor was appointed to represent Petitioner, who pled not guilty at his arraignment on January 30, 2019, but subsequently pled guilty to the conspiracy charge on April 25, 2019, and agreed to entry of a preliminary order of forfeiture. (ECF Nos. 30, 41-43). On June 21, 2019, the U.S. Probation Office filed the Presentence Investigation Report (PSIR); the United States had no objections to the PSIR and Petitioner's counsel made a single

1

objection, seeking to eliminate sentences contained in one of the paragraphs of the PSIR, citing safety concerns. (ECF Nos. 56, 65-66). The PSIR was finalized with an Addendum, wherein the edits requested by Petitioner were adopted and Letters of Support were attached; a sentencing recommendation was provided to the District Court on July 22, 2019. (ECF No. 71, 72).

Petitioner's Base Offense Level for the purposes of the guidelines calculation was a Level 30 pursuant to U.S.S.G. § 2D1.1(c)(5) because Petitioner was accountable for 1,834.56 kilograms of converted drug weight. (ECF No. 71, p. 9, ¶ 40; *see also* ¶¶ 30-33, 35). The base offense level was then increased by 2 points, from 30 to 32 because of the firearm Petitioner possessed. (ECF No. 71, p. 9, ¶¶ 24, 29, 41). After reducing the adjusted base offense level by 3 points (reflecting acceptance of responsibility), Petitioner's total offense level for purposes of calculating the guideline range was 29. (ECF No. 71, p. 9, ¶¶ 38, 47-49). Petitioner's criminal history score was calculated as 6, meaning that Petitioner was in Category III for purposes of the U.S.S.G. analysis. (ECF No. 71, p. 13, ¶ 66). Petitioner's advisory guideline range was 108 to 135 months of incarceration, significantly less than the statutory maximum term of imprisonment of twenty years. (ECF No. 71, p. 19, ¶¶ 100-101). At the sentencing hearing, U.S. District Judge Brooks adopted the PSIR without change, considered the advisory guideline range, and imposed sentence within the range – 120 months imprisonment – along with a $1,900 fine; three (3) years of supervised release; and a special assessment of $100. (ECF No. 75). Petitioner did not file an appeal.

On October 27, 2020, Petitioner filed a Motion for Compassionate Release, seeking release to home confinement as result of medical conditions to include a hernia, diverticulitis and a desire to seek surgery; lacking authority to release Petitioner to home confinement, the Motion was denied by the District Court on October 29, 2020. (ECF Nos. 77, 78). A second Motion for Compassionate Release followed on February 7, 2022, seeking a modification/reduction of

Petitioner's sentence to time served because of the COVID-19 pandemic. (ECF No. 80). Analyzed under the First Step Act, the District Court found the Petitioner had satisfied the exhaustion requirement but had not persuaded the Court that a reconsideration of the Section 3553(a) factors justified any sentence modification, finding the sentence imposed remained "just and fair under the totality of the circumstances." (ECF No. 84, p.5). Petitioner's second Motion was thus denied on April 27, 2022. The undersigned subsequently found on July 6, 2022, that it lacked jurisdiction to grant Petitioner's Motion to Compel production of his client file. (ECF Nos. 85, 88). Petitioner thereafter filed his § 2255 Motion on September 11, 2023.

## II.     Petition for Habeas Corpus

Petitioner alleges a single ground for habeas relief under § 2255 which the Court will paraphrase below:

> After Petitioner's 2019 sentencing in this matter, and on or about March 22, 2023, a prior conviction used to calculate Petitioner's criminal history category was dismissed by the County of Tulare, California. When this conviction is removed in its entirety from the criminal history computation, Petitioner's criminal history category would be Category II (as opposed to III) and as a result, Petitioner says he is entitled to re-sentencing.

(ECF No. 90, pp. 4-5, 13).

In its response, the United States contends that Petitioner's request for relief is both untimely and groundless. The Government points out the Petitioner was sentenced on August 2, 2019, and his conviction became final on August 16, 2019, when Petitioner did not pursue a direct appeal. Using these dates, a timely habeas petition must have been filed by August 16, 2020, but was not filed until September 11, 2023. Recognizing that Section 2255(f)(4) could afford Petitioner relief in this respect, the United States says that Petitioner cannot show that he was diligent in seeking relief (vacatur) from the California courts. *Johnson v. United States,* 544 U.S.

295, 302 (2005).  More importantly, the United States says that even if Petitioner's Tulare County conviction is excluded from the criminal history computation (the 1 point assessed for the conviction and the 2 points added because the instant offense was committed while on probation for the Tulare conviction), Petitioner's criminal history score would still be a Category III with the same advisory guideline range.  Thus, says the Government, even if Petitioner's criminal history is recalculated without the Tulare County conviction, Petitioner is entitled to no relief under 28 U.S.C. § 2255(a).

Petitioner replies that he was not dilatory in seeking dismissal of the Tulare County conviction.  To the contrary, says Petitioner, he dealt with the COVID-19 lockdowns a few months after arriving at the BOP, which limited his access to the law library and services. (ECF No. 93). He then experienced segregated housing from April 2020 until July 2021 at which time his access to legal information was again limited.  Once he was returned to the general population, Petitioner said he began to work, in January 2022, to contact the California Court by letter and telephone (and with the assistance of his family), ultimately achieving dismissal of the conviction in 2023. (ECF No. 93, pp. 1-2). Petitioner then says the Court should direct U.S. Probation to "recalculate his sentence," contending that "with a lower criminal history, the Court may sentence [Petitioner] to the lower end of the guidelines." (ECF No. 93, p.3). Stressing the importance of this calculation, Petitioner says his "increased criminal history points" have influenced how the BOP calculates his PATTERN score which, in turn, affects other credits and classifications within the BOP which are important to Petitioner.  (ECF No. 93, p.3).

### III.    Discussion

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that

4

the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Motions pursuant to §2255 must be filed within one (1) year from the latest of the following dates:

(1) The date upon which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States if removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, it is undisputed that Petitioner was sentenced, and judgment entered on August 2, 2019; in the absence of an appeal, Petitioner's conviction was "final" for purposes of § 2255(f)(1) on August 16, 2019, imposing a filing deadline of August 16, 2020.  The Court next considers whether another provision of § 2255(f) provides a filing date beyond August 16, 2020.  Subsections

(f)(2) and (f)(3) are inapplicable to the Petitioner's situation. Only subsection (f)(4) offers Petitioner a remedy to save his Motion.  In this context, Petitioner says that he obtained vacatur of the Tulare County conviction as diligently as possible, given the circumstances, and that the vacatur itself is what now affords him relief under § 2255.  Citing *Johnson v. United States, supra*, the United States challenges that Petitioner did not act diligently to obtain dismissal of the 2018 conviction, urging that diligence would have been to make efforts within the first year of his conviction.

A liberal reading of *Johnson* suggests to the undersigned that a delay in making efforts to vacate the conviction from August 2019 until January 2022 is not reasonable when Petitioner was aware not only of his prior conviction but that the conviction had been considered by the U.S. Probation office in the criminal history calculation by at least June 2019. (ECF No. 56, Initial PSIR). The length of delay in *Johnson* found by the Supreme Court as unacceptable was 38 months; here, it is 29 months.  While there appears to be no bright line in the law indicating how much time must pass before efforts are "not diligent," dicta in the opinion by Justice Souter indicates that even a delay of 21 months would have been considered unreasonable. *Johnson,* 544 U.S. at 311.  While the Court is not unsympathetic to Petitioner's circumstances once the pandemic disrupted BOP operations, approximately 8 months passed between Petitioner's sentencing hearing and the COVID-19 onset with no reported effort to vacate the conviction during that time. In this regard, the Court notes Petitioner sought compassionate release in 2020 despite BOP restrictions. *Johnson* makes clear that courts have "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Id.*   While this result may appear harsh, *Johnson* remains the law.

6

An examination of the merits of Petitioner's claim reflects that even if his Motion was considered timely filed, Petitioner's request for a re-calculation considering the vacatur is not available under §2255. Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, § 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill v United States*, 368 U.S. 424, 428 (1962); see also *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."). Habeas relief requires a prisoner to demonstrate an error that "present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 346 (1974) (cleaned up); see also *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (applying standard).

In the sentencing context, a "miscarriage of justice" is cognizable under § 2255 only when the sentence is imposed without, or in excess of, statutory authority. *Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc). Thus, allegations concerning guidelines errors, including but not limited to alleged miscalculations, are not cognizable under § 2255 unless the sentence imposed exceeds the statutory maximum. *Id.* at 708. Absent some Constitutional violation, the Eighth Circuit has held that a sentence within the statutory range cannot be

challenged pursuant to § 2255. *Id*. at 706. Here, Petitioner's 120-month sentence is well within the 20-year statutory maximum for his offense of conviction.

And even if Petitioner's Motion was timely and the relief requested available under §2255, Petitioner's argument is fatally flawed. The Final PSIR assessed Petitioner 7 criminal history points, including 1 point for the Tulare County, California conviction in 2018. (ECF NO. 71, ¶¶ 57-60, 62, 64-65). U.S.S.G. § 4A1.1(c) permitted counting only 4 of those 7 points. *Id*. at ¶ 66. Petitioner was then assessed two (2) additional points for having committed the instant offense while on probation for the Tulare County conviction in accordance with U.S.S.G. § 4A1.1(d). *Id*. at ¶ 67. Four plus two equated to a criminal history score of 6 which established a criminal history category of III. *Id*. at ¶ 68. Petitioner says that with vacatur of this 2018 conviction, his criminal history score should be recalculated. Eliminating the Tulare County conviction, Petitioner would have 6 criminal history points, but only 4 of them properly could be considered in the subtotal criminal history. (ECF NO. 71, ¶¶ 57-60, 62, 65-66). Petitioner would <u>not</u> receive 2 additional points for having committed the instance offense while on probation for the Tulare County conviction. Petitioner's criminal history score of 4 would still establish a criminal history category of III, and the advisory range of imprisonment would remain the same. Thus, even if Petitioner received a formal recalculation of his criminal history category by the U.S. Probation Office (and/or the District Court), it would afford him no relief.

Incidentally, Petitioner appears to harbor a belief that the fact of the vacatur would influence the District Court as Petitioner suggests the District Court might resentence him "to the lower end of the guidelines." (ECF No. 93, p.3). The undersigned observes that the District Court recently reaffirmed the appropriateness of Petitioner's sentence when it considered Petitioner's 2nd motion for compassionate release and thus opines that Petitioner's belief is optimistic but

unfounded.  (ECF No. 80, p. 5) ("[T]he Court continues to find that a sentence of 120 months is just and fair under the totality of the circumstances.").

After review of Petitioner's § 2255 Motion and the files and records of this case, and for the reasons set forth above, the undersigned concludes Petitioner is not entitled to relief, and recommends denial and dismissal of the § 2255 Motion with prejudice and without an evidentiary hearing.

## IV.  RECOMMENDATIONS

### A.  Petitioner's Motion is Untimely and Without Merit

Petitioner's § 2255 Motion is untimely, and even were it timely, Petitioner is not entitled to habeas relief for reasons outlined above.  The undersigned recommends dismissal without prejudice.

### B.      No Evidentiary Hearing is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308). Such are the circumstances in this case.  Resolution of Petitioner's claims can and has been accomplished by reviewing the record and applicable law and thus, dismissal of Petitioner's § 2255 Motion without an evidentiary hearing is recommended.

### C.      No Certificate of Appealability is Warranted.

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only where the movant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though

the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

For the reasons stated herein, it is recommended that Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (ECF No. 90) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 30th day of November 2023.


*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE